# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ALFREDO FELIX-TRUJILLO, <br> Defendant. | Case No.: 10cr4983(4) BEN <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF MOVANT'S PREVIOUS MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** <br><br> **[ECF No. 543]** |

Before the Court is a motion for reconsideration of the Court's previous Order denying a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). On October 14, 2015, Federal Defenders, Inc., filed on Defendant's behalf, a motion seeking a two-level sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. A hearing was held on November 12, 2015. The motion was denied on December 11, 2015. No appeal was filed. Now, years later, Defendant asks the Court to reconsider its ruling. No new reasons are identified. No past errors are indicated. The motion is meritless.

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *U.S. v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Thus, it is not at all clear whether a motion to reconsider the denial of a § 3582(c)(2) motion may be considered at all. Courts that have entertained generic motions for reconsideration or second motions often use the standards applied to civil motions for reconsideration.[1] However, even under the Federal Rules of Civil

---

[1] *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Martin*, 226 F.3d 1042,

Procedure (the "FRCP"), there are no "motions for reconsideration." Rather, Rule 59 of the FRCP sets forth the procedures for filing a motion to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, while FRCP 60 governs "Relief from a Judgment or Order," and must be filed no more than one year after the entry of the judgment or order. "[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A "Rule 59(e) motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). Where a motion is filed later than ten days, as is the case here, it may be treated as a Rule 60(b) motion for relief from a judgment or order.[2] *Id.*

The motion to reconsider raises the same issues and argument as the first motion. It is meritless and a waste of judicial resources.

**CONCLUSION**

The Court denies Defendant's motion for reconsideration

IT IS SO ORDERED.

DATED: September 22, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

---

1047 (9th Cir. 2000) (noting that Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure may serve as potential sources for motions to reconsider in criminal cases).

[2] The moving party seeking relief under FRCP 60(b) "is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Id.* (citing FED. R. CIV. P. 60(b)). "[A] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *United States v. Kauwe*, 467 F. Supp. 3d 940, 945 (D. Nev. 2020).